## JACK SATTERWHITE v. THE STATE.

### No. 3831. Decided December 15, 1915.

### Rehearing denied January 12, 1916.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was circumstantial, but sufficient to sustain a conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Change of Venue—Practice on Appeal.**

Where, upon trial of murder, the defendant made a motion to change the venue on both grounds authorized by the statute which was duly controverted by the State, and the court, after hearing evidence thereon, overruled the same, and there was ample and sufficient evidence although conflicting to justify said ruling, there was no reversible error. Following Tubb v. State, 55 Texas Crim. Rep., 606, and other cases.

**3.—Same—Change of Venue—Rule Stated—Discretion of Court.**

Of necessity in respect to a question of change of venue, much ought to be left to the discretion and sound judgment of the court trying the case, and in no case should the judgment of conviction be set aside on account of the action of the trial court in refusing a change of venue, unless it is clear that such court has abused his discretion. Following Gaines v. State, 37 S. W. Rep., 331, and other cases.

**4.—Same—Case Stated—Discretion of Court—Change of Venue.**

Where, upon trial of murder, all the evidence introduced on the issue of the change of venue shows that the trial judge did not abuse his discretion and his sound judgment, which the law confides to him in such matters, there was no reversible error in overruling a motion for a change of venue. Following Myers v. State, 77 Texas Crim. Rep., 239, 177 S. W. Rep., 1167.

**5.—Same—Continuance—Want of Diligence—Motion for New Trial.**

Upon trial of murder where defendant's application for continuance showed a want of diligence, and no affidavits of the absent witnesses were attached to the motion for a new trial tending in any way to support the defendant's motion for continuance, there was no reversible error in overruling the same. Following Stacy v. State, 77 Texas Crim. Rep., 130.

**6.—Same—Special Venire—Challenges.**

Where the bill of exceptions showed that the action of the trial court in overruling the defendant's challenges to the jurors on the special venire was correct, and that they were qualified jurors and that neither of them served upon the trial of the defendant, there was no reversible error. Following Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W. Rep., 1194.

**7.—Same—Evidence—Remarks by Judge.**

Where, upon trial of murder during the examination of a State's witness, the court made some remarks with reference thereto at the time the jury was retired, but afterwards when the jury returned into court instructed them not to consider said remarks for any purpose, there was no reversible error.

**8.—Same—Evidence—Watch of Deceased.**

Upon trial of murder, there was no error in admitting in evidence the watch of the deceased, as was held by this court on former appeal.

**9.—Same—Evidence—Redirect Examination.**

Where, upon trial of murder, the defendant had brought out that the State's witness asked defendant if he had made complaint to the owner of an

ice and light plant where defendant worked, about the defendant, and had the witness to testify that he did, there was no error in permitting the State to ask said witness on redirect examination the reason for making complaint, etc.

### 10.—Same—Evidence—Motive—Withdrawal of Testimony.

Where, upon trial of murder, the court permitted the State to have the State's witness to testify that defendant had made certain suggestions to him and another about robbing a bank, which testimony was probably not admissible, but the error if any was cured by the action of the court in withdrawing such testimony and instructing the jury not to consider it, there was no reversible error. Following Miller v. State, recently decided.

### 11.—Same—Evidence—Immaterial Matter.

Upon trial of murder, there was no error in refusing to permit the defendant to prove that the wife of a State's witness sought to employ one of defendant's attorneys to bring suit for divorce against said witness.

### 12.—Same—Evidence—Impeaching Witness—Predicate.

Where the record showed that the State had laid a proper predicate to impeach one of defendant's witnesses, and thereupon introduced impeaching testimony, there was no reversible error.

### 13.—Same—Evidence—Impeaching Witness—Supporting Testimony.

Where, upon trial of murder, the defendant had attempted to impeach and discredit one of the State's witnesses by showing that he had made a different and additional statement on the instant trial from the one he had made on a former trial, there was no error to introduce supporting testimony.

Appeal from the District Court of Kerr. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of murder; penalty, forty-five years imprisonment in the penitentiary.

A substantial statement of the facts in this case is contained in the opinion of the court on former appeal, reported in 77 Texas Crim. Rep., 130, 177 S. W. Rep., 959, and this, in addition to the statements made in this opinion sufficiently states the case.

*Lee Wallace* and *H. C. Geddie,* for appellant.—On question of overruling motion for change of venue: Meyers v. State, 39 Texas Crim. Rep., 500; Gallaher v. State, 40 id., 296; Alarcon v. State, 47 id., 415; Cortez v. State, 44 id., 169; Randle v. State, 34 id., 43; Faulkner v. State, 43 id., 311; Dobbs v. State, 51 id., 629; Gallagher v. State, 55 id., 50; Smith v. State, 45 id., 405.

On question of motion of continuance: Smith v. State, 54 Texas Crim. Rep., 617; Jones v. State, 55 id., 123; Roquemore v. State, 54 id., 592; Weaver v. State, 52 id., 11.

On question of introducing watch of deceased in evidence: Pharr v. State, 9 Texas Crim. App., 129.

Remarks by judge: Drake v. State, 65 Texas Crim. Rep., 282, 143 S. W. Rep., 1157.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at forty-five years in the penitentiary. This is the second appeal in this case. The first is reported in 77 Texas Crim. Rep., 130, 177 S. W. Rep., 959. This last trial was had strictly in conformity with the said former opinion, and no question arises on this appeal that was held error in that. On the former trial his punishment was assessed at twenty-five years in the penitentiary.

From the opinion on the other appeal the general features of the case can be had. On this trial the State introduced much more incriminating testimony than is stated in the opinion on the other appeal. It strengthened its case on practically all of the material points. It proved many other incriminating facts and circumstances. Upon the whole, while the evidence was circumstantial, the facts proved were amply sufficient to authorize and require the jury to believe beyond a reasonable doubt, and "to a moral certainty," as the judge required in his charge, that the appellant, and no other, killed the deceased. We have carefully, more than once, read and studied the evidence and discussed it, and are well satisfied that it justifies the jury's verdict, and we would not be authorized, under the law, to set the verdict aside. We can see no useful purpose to be served by a recitation of the testimony at this time. It is quite voluminous.

Appellant made a motion to change the venue on both grounds authorized by the statute (C. C. P., 628). The State duly controverted this. We have carefully read the evidence heard on this motion. At most, we think the evidence by the appellant's side is slight tending to show any combination by influential persons. On the other hand, we think the testimony by the State, and all of it taken together, was amply sufficient to affirmatively prove that there was no such combination by influential persons, as alleged by him. On the other ground, some of the testimony introduced by appellant tends to show that there was such prejudice against him as might tend to show that he could not obtain an impartial trial. On the other hand, that introduced by the State would show the contrary, and, taken as a whole, we think it was amply sufficient to justify the trial judge to hold, as he did, that the appellant was not entitled to a change of venue on that or the other ground either. This court has uniformly held in many cases, as stated in Tubb v. State, 55 Texas Crim. Rep., 606: "Of necessity in respect to a question of this kind much ought to be left to the discretion and sound judgment of the court trying the case, and in no case should the judgment of conviction be set aside on account of the action of the trial court in refusing a change of venue unless it is clear that such court has abused his discretion. This is the doctrine laid down in almost the precise terms above stated by Judge Hurt in the case of Gaines v. State, 37 S. W. Rep., 331. See also Cox v. State, 8 Texas Crim. App., 254; Bohannon v. State, 14 Texas Crim. App., 271; Martin v. State, 21 Texas Crim. App., 1; Connell v. State, 75 S. W. Rep., 512; Reeves v. State, 83 S. W. Rep., 803; Earles v. State, 85 S. W. Rep., 1; Adams v. State, 93 S. W. Rep., 116." The Tubb case has many times,

and even very recently, been cited and approved on this point. Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52, and other cases. In this case, after studying all the evidence introduced on the issue of the change of venue, we think the learned trial judge did not abuse the discretion and his sound judgment, which the law confides to him in such matters. He saw and heard all of the witnesses testify on this issue. He doubtless knew all of them personally. He had long, extensive and varied experience as a trial judge. He presided at both trials of this case. The appellant introduced him in his behalf and had him testify for him on this trial. We can not substitute our judgment and discretion for his under the circumstances and can not do otherwise than hold that his action in overruling appellant's application for a change of venue was correct. We had occasion recently in the case of Myers v. State, 77 Texas Crim. Rep., 239, 177 S. W. Rep., 1169, to discuss and decide the question raised in that case, which was very much like this case, and there held that the appellant therein was not entitled to a change of venue. The opinion in that case specially applies to this.

Appellant made a motion for a continuance on account of the absence of three witnesses, Charley Roberts, Doug. Nox, and Eli McDonald. The offense charged was committed on or about July 11, 1914. About six months thereafter said first trial occurred. This trial began July 12, 1915. A subpoena for the witnesses on account of whose absence said continuance was sought was not procured or issued until July 7th, just four days before the trial was to be had. The court in approving appellant's bill of exception on this ground did so with this explanation:

"That before the trial of the case was concluded and before the State had commenced with its evidence, Charley Roberts was duly subpoenaed, attended court, and was sworn in as a witness and placed under the rule, but he was not put on the stand by defendant's counsel, for the reason as stated by them that they had made a mistake as to the name, and that it was Oliver or Elmer Roberts that they should have named in their application for process instead of Charley Roberts.

"That as to the witnesses Eli McDonald and Dug. Nox the record shows that defendant by attorney had process issue to Menard County for them on July 7, 1915, for the first time, and that the sheriff of Menard County made return of said subpoena July 10, 1915, which was filed in this court July 13, 1915, his return showing that Dug. Nox was served on July 10, 1915, but that Eli McDonald was not served and 'Eli McDonald at Ingram, Kerr County.' That the State thereupon had process issue for said McDonald to Kerr County, and he was served, attended as a witness and was sworn before evidence was concluded, but was not used by defendant, his attorneys saying that he was not the McDonald wanted. The Gaston Pape named was at court during the trial but not called as a witness."

No attachment was issued for the witness Nox. In his motion he alleged that he expected to prove by Nox that, after the return of Gaston Pape from Kerrville, where he was, and for a short time before

had been, and prior to the murder alleged in this case, he had plenty of money and spent same freely; and that his testimony was material, for the reason that all of said witnesses will testify, and the facts will show, that said Pape had no employment and no source of income, and that he did not earn a living by labor or legitimate means known by said witnesses, who were well acquainted with him. Appellant's motion for a new trial was not filed until July 19th and was not acted on until July 24, 1915. He did not attach the affidavits of any of his claimed absent witnesses, or any other, tending in any way to support his motion for a continuance. The court did not err in overruling his motion for a continuance and refusing him a new trial on that ground. Stacey v. State, 77 Texas Crim. Rep., 52, 177 S. W. Rep., 114.

Appellant has two bills complaining that the court erroneously refused to sustain his challenge for cause to two of the special veniremen. Taking what the bill shows of their voir dire examination, the court's action was correct, as their testimony as a whole showed that they were not disqualified, but qualified, jurors; but, even if the court had erred on this question, each bill shows that neither of these jurors served on the trial. Nor does either show that any other disqualified juror served. Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W. Rep., 1194.

Appellant has a bill complaining that, while the State's witness Will Reno was testifying the district attorney asked him whether or not the appellant ever told him anything about any relations existing between him and Miss Carrie Butler. He objected to this for various reasons. A discussion then occurred between the judge and district attorney as to the purpose of such testimony. The appellant requested the jury to be retired. The court thereupon remarked in the presence and hearing of the jury, in substance, directing the sheriff to retire the jury, that he wanted to hear what this witness has got to say about the relations existing between appellant and Miss Butler. He objected to what the court said, because it was prejudicial to him. After the jury retired the witness answered that appellant had said nothing to him about any relations between appellant and Miss Butler. This is the substance in full of the bill. The court qualifies it by stating that, after the jury returned into court they were fully instructed by the court not to consider said remarks for any purpose, if made by the court in their hearing. We think this bill shows no reversible error. The remark of the court, if at all derogatory to the appellant, was cured by his specific instructions to the jury that they could not consider it for any purpose.

The court committed no error in admitting the deceased's watch in evidence, as held in the opinion on the first appeal of this case.

On cross-examination of the State's witness John Williams, appellant asked him if he had made complaint to Ollsworth, the owner of the ice and light plant where appellant worked, about appellant, and had him to testify that he did. The court committed no error in permitting the State to ask him on redirect examination what was his reason for making complaint to said Ollsworth and his answer that his reason

was that he found everything about the plant half done—nothing cleaned up. This was proper redirect examination to bring out the balance of what appellant had elicited in part.

The State was permitted to ask its witness Jack Polly and have him answer in substance that appellant had suggested to him and Tom Peterson to rob Schreiner's bank, and that he told him, if he was *blue steel* they could make a better living. than they could working. The court in qualifying the bill on this subject did so as follows: "With the explanation that as shown the State claimed that the evidence was to show motive. After the witness answered as stated, he also said that 'Satterwhite might have been joking' or 'he did not know if Satterwhite was joking.' Upon reflection thereafterwards I became convinced that this evidence was not admissible and withdrew the same from the jury, and told them that they should not and must not consider the same for any purpose whatever." We are not so sure but that this evidence was admissible under the circumstances of this case, but whether it was or not the judge cured whatever error was committed by withdrawing it and charging the jury as he did. See Miller v. State, 185 S. W. Rep., 29, this day decided, and authorities therein cited.

The court committed no error in refusing to permit the appellant to prove that Polly's wife sought to employ one of his attorneys to bring suit for divorce for her against Polly. This had nothing to do with this case and was not admissible for the purpose of impeaching, or for any other purpose.

Appellant had M. N. Baylor to give material testimony for him. The State laid the proper predicates to impeach him on several points and did so afterwards. The bills as qualified showed that the proper predicate' was laid and that the testimony was clearly admissible in proper impeachment. Branch's Crim. Law, secs. 871-872. Neither did the court err in permitting the State to support its witness Reinhart, whom appellant had attempted to discredit, and impeach by showing that he had made a different and additional statement on this trial that he had not on the former trial. Branch's Crim. Law, sec. 874. Appellant has two or three other bills of exception, which we have duly considered. They are not of sufficient importance to state or discuss. None of them present any error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 12, 1916.—Reporter.]